# Jones *v.* The State.

## *Indictment for Murder.*

1. *Homicide; impeachment of witness by proving statements con-flicting with testimony.*—On a trial under an indictment for murder, where there was testimony on the part of the state tending to show that there was illicit relations existing be-tween the wife of the deceased and the defendant, it is competent for the State, after having made proper predicate therefor on the cross-examination of the wife of the deceased, who denied making such statements, to prove, for the purpose of discrediting her credibility, that shortly before the killing she stated to others that she was going to have the defendant kill her husband, and that after the killing she stated to others that defendant killed her husband, and that she had him to do it.

2. *Reasonable doubt; charge in reference thereto.*—On the trial of a criminal case, a charge in reference to a reasonable doubt which affirms that "the law requires that the guilt of the accused should be fully proved," is erroneous and properly refused as having a tendency to mislead the jury.

3. *Same; same.*—On a trial of a criminal case, where the evidence tending to connect the defendant with the offense charged, is circumstantial, a charge is erroneous and properly refused which instructs the jury that "when the evidence is purely circumstantial, they should not find the defendant guilty, unless the evidence against him is such as to exclude to a moral certainty every supposition or hypothesis but that of his guilt."

APPEAL from the City Court of Montgomery.

Tried before the Hon. WILLIAM H. THOMAS.

The appellant in this case, Toney Jones, was indicted and tried for the murder of Warren Jones, was convict-ed of murder in the first degree, and sentenced to be hanged.

On the trial of the case, the State introduced evidence tending to show that there was existing between the defendant and Elizabeth Jones, the wife of Warren Jones, deceased, improper and illicit relations; that

upon the night of the homicide, Warren Jones, the deceased, found his wife Elizabeth Jones and the defendant in the house of Rosette Jones, a sister of the defendant, alone and in their underclothes; that he took the clothes of the defendant away from the house, and made his wife go back with him, Warren Jones, to the latter's house; that a short time thereafter, during the same night, and while the deceased was sitting in his house, some one shot and killed him.

Some of the witnesses for the State testified that on the same night that the deceased found the defendant and Elizabeth Jones in the house together, the defendant made threats against the deceased and stated he was going to kill him before morning. There was other evidence introduced by the State tending to show that the defendant killed the deceased.

Elizabeth Jones, the wife of the deceased, was introduced as a witness in behalf of the defendant, and in her testimony denied that she had been with the defendant at the house of Rosette Jones on the night of the homicide, or anywhere else. Upon cross-examination, after proper predicate being laid as to time and place, she denied having stated to other persons a short time before the killing that she was going to have the defendant kill her husband, Warren Jones; and she also denied after proper predicate as to time and place was laid, that she told other persons after the killing that the defendant had killed her husband, and that the defendant shot the deceased, Warren Jones, through the window, and that she had him to do it.

The defendant, as a witness in his own behalf, denied having killed the deceased, and denied having been with the deceased's wife on the night of the homicide.

In rebuttal, the State introduced two witnesses, who testified that at the time and place specified in the cross-examination of Elizabeth Jones, the said Elizabeth Jones, a short time before Warren Jones was killed, told them that she was going to have Toney Jones kill her husband, Warren Jones. The court instructed the jury that this testimony was limited to the question as to what credibility they would give to the testimony of

[Jones v. The State.]

Elizabeth Jones. The defendant objected to the introduction of this testimony, and duly excepted to the court's overruling his objection. The State also in rebuttal introduced witnesses who testified that at the time and place specified in the cross-examination of Elizabeth Jones, the said Elizabeth Jones stated to them after the killing of her husband, that the defendant, Toney Jones, had killed her husband, that he shot him through the window, and that she had him to do it. This testimony was limited by the court to the credibility the jury might give to the testimony of Elizabeth Jones. The defendant objected to the introduction of the testimony, and duly excepted to the court's overruling his objection.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them, as asked: (1.) "The law requires that the guilt of the accused should be fully proved. It is not sufficient that the weight of evidence points to his guilt. The jury must be satisfied beyond a reasonable doubt of his guilt or he must be acquitted." (2.) "When the evidence is purely circumstantial, they should not find the defendant guilty unless the evidence against him is such as to exclude to a moral certainty every supposition or hypothesis but that of his guilt."

W. E. ANDREWS, for appellant.

MASSEY WILSON, Attorney-General for the State. The testimony seeking to impeach the witness, Elizabeth Jones, was relevant and admissible for that purpose.—*Estes v. The State*, (M. S.) Charge 1 was properly refused because it required too high a degree of proof.—*Lundy v. The State*, 91 Ala. 100; *Griffith v. The State*, 90 Ala. 583. Charge 2 was properly refused for it does not require that the evidence should exclude every supposition or hypothesis of defendant's guilt, but only every reasonable supposition or hypothesis. *Little v. The State*, 89 Ala. 99.

SHARPE, J.—Whether the testimony of a witness is in whole or in part the result of bias or interest on his part, is a matter material to be considered as affecting credibility, and being material in this respect proof of statements made by him contradictory of his testimony about such matter is, after predicate laid, admissible in evidence.—*Bullard v. Lambert,* 40 Ala. 204; *McHugh v. State,* 31 Ala. 317. A proper predicate having been laid therefor on examination of the witness Elizabeth Jones, the State had a right to prove for the purpose of discrediting her that shortly before the killing, she said to others that she was going to have the defendant kill her husband, the deceased. Under like principles the State was entitled to prove, the predicate having been laid, that this witness told others, after the killing, that the defendant killed her husband, that he shot him through the window and that she had him to do it. *Henson v. State,* 120 Ala. 316; *Holley v. State,* 105 Ala. 100; *Estes v. State,* 37 So. Rep. 85.

In affirming that "the law required that the guilt of the accused should be fully proved," charge 1 requested by defendant was calculated to mislead the jury to believe the law's requirement extended to the exclusion of all uncertainty which as proof satisfying the jury of guilt beyond a reasonable doubt would have warranted a finding of guilt. See *Lundy v. State,* 91 Ala. 100; *Griffith v. State,* 90 Ala. 583.

In affirming circumstantial evidence to be insufficient for conviction unless it was "such as to exclude to a moral certainty every supposition or hypothesis" but that of defendant's guilt, charge 2 was bad, in that the affirmation is made without regard to whether the supposition or hypothesis mentioned was reasonable. *Webb v. State,* 106 Ala. 52; *Bones v. State,* 117 Ala. 138.

The foregoing disposes of the questions raised by the record.

Judgment affirmed.