# Western Union Tel. Co. v. Louisville & Nashville Railroad Co.

## Condemnation Proceedings.

(Decided June 30, 1916.  Rehearing denied February 15, 1917.
74 South. 946.)

**Eminent Domain; Condemnation of Land Devoted to Public Use; Pleading; Statute.**—In a telegraph company's petition to condemn land, under Code 1907, section 3867, relative to the condemnation of property already devoted to public use, where the amended petition failed to allege any fact tending to bring the case within the section, which, as construed, requires a real necessity for the condemnation, demurrer to the petition was properly sustained.

[Western Union Tel. Co. v. Louisville & Nashville Railroad Co.]

APPEAL from Dallas Circuit Court.

Heard before Hon. B. M. MILLER.

Action by the Western Union Telegraph Company against the Louisville & Nashville Railroad Company to condemn an easement along its right of way for telegraph line of complainant. From a judgment denying the petition complainant appeals. Affirmed.

RUSHTON, WILLIAMS & CRENSHAW, FORNEY JOHNSTON, ALBERT T. BENEDICT and FRANCIS R. STARK for appellant. MALLORY & MALLORY, DORTCH, MARTIN & ALLEN and JONES, THOMAS & FIELD for appellee.

PER CURIAM.—Affirmed, upon the authority of *W. U. Tel. Co. v. L. & N. R. R. Co.*, 195 Ala. 124, 71 South. 118. All the Justices concur.

### ON APPLICATION FOR REHEARING.

Upon the reversal of the cause on the former appeal the petition was amended, and demurrer to the petition as amended was sustained by the court below. The petitioner declined to plead further, or to further amend its petition, judgment was entered denying the petition, and from this judgment the appeal is prosecuted.

In rendering the judgment, the court below also rendered an opinion (which is found in the record) specifically pointing out the assignment of demurrer, which assignment was considered well taken, as disclosed by the following language:

"The petition as amended fails to aver that the specific land, or portion thereof, or interest therein, sought to be condemned by petitioner for its public use, is actually necessary, and no facts are alleged showing the actual necessity for the specific land, or portion thereof, or interest therein, to be subjected to public use of the petitioner."

It clearly appears that the question of vital importance in this litigation turns upon the proper construction of section 3867 of the Code of 1907. On the last appeal this court departed from the construction given the statute in the case of *W. U. Tel. Co. v. L. & N. R. R. Co.*, 184 Ala. 673, 62 South. 797, and, speaking of what we construed to be the proper meaning of the words "actual necessity," said:

[Western Union Tel. Co. v. Louisville & Nashville Railroad Co.]

"The necessity is defined by the act as 'actual,' meaning 'real,' and we are of the opinion that by such language is meant such actual necessity as arises from either physical or overpowering economical conditions; the question of practical ability to be, of course, kept constantly in view."

The amended petition failed to allege a single fact tending to bring the case within the provisions of said section 3867 as construed by this court on former appeal. This defect was distinctly pointed out by the demurrer, and specifically passed upon by the court below, as above shown. Petitioner declining to further amend the petition, or to further plead, judgment was, of course, rendered denying the petition.

It is earnestly insisted by learned counsel for appellant, on this appeal, that the opinion in this case on the last appeal was not rested upon a question of pleading, but on one of proof, and that this court was not justified in the affirmance of the case upon the mere citation of the above authority. We are unable to see the force of this reasoning, as the provisions of said section 3867, not only require that such actual necessity shall be proven, but, in specific language, demand that it be alleged in the petition. We are therefore of the view that the opinion of this court on former appeal is ample authority upon which to rest this affirmance, without further comment; but, out of due deference to the ability and industry of counsel for appellant, we have deemed it appropriate to make this response to the application for rehearing.

That section 3867 of the Code is applicable here we consider a proposition so clear as to call for no further discussion. We are also clear to the view that no federal statute nor provision of the federal Constitution is infringed upon by the conclusion here reached.