(76 South. 57)

SLOSS-SHEFFIELD STEEL & IRON CO. v. O'REAR et al. (6 Div. 69.)

(Supreme Court of Alabama. May 17, 1917.)

1. EMINENT DOMAIN ⬤⟿6—POWERS OF PERSONS OR PARTNERSHIPS.

Under Code 1907, § 3485, providing that mining, manufacturing, power and quarrying companies may acquire lands by condemnation for certain purposes, power of eminent domain cannot be exercised by an unincorporated partnership.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 24–50.]

2. EMINENT DOMAIN ⬤⟿8—STATUTES—CONSTRUCTION.·

Code, § 3860, relating to eminent domain, does not grant the right to condemn, but only purports to prescribe the "mode," the place, and method of proceeding, where the right to condemn has been in fact conferred or delegated.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 25, 30, 34, 43, 44.]

3. EMINENT DOMAIN ⬤⟿10(1) — DELEGATION OF POWER—CLASS LEGISLATION.

It is within the discretion of the Legislature to say who may exercise the power of eminent domain, and hence Code, § 3485, confining its exercise to corporations, is not unconstitutional.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 35, 37, 39–48.]

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Proceeding by Guy V. and G. D. O'Rear against the Sloss-Sheffield Steel & Iron Company. Judgment for petitioners, and respondent appeals. Reversed and rendered.

Tillman, Bradley & Morrow and L. C. Leadbeater, all of Birmingham, for appellant. Lacy & Lacy and Gray & Wiggins, all of Jasper, for appellees.

McCLELLAN, J. The appellees, doing business as a partnership, instituted this proceeding against the appellant to condemn a right of way for a tramroad over the lands of the appellant in order to connect the mines of the appellees with the tracks of the Southern Railway Company. The appellees prevailed in both the probate and circuit courts. The petitioners rest their right to condemn the mentioned right of way upon Code, § 3485, which reads:

"Mining, manufacturing, power and quarrying companies may acquire by condemnation lands for ways and rights of way for railways, tramways, canals, aqueducts, tunnels, underground passages, and roads whereby to connect any part of their lands, or works, with their principal place of business or with any public road, railroad, or navigable waters, or with their mines on other lands, not exceeding

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] This section, with the exception of the word "power" (companies), is the reproduction of that part of section 8 of the act approved October 2, 1903 (Gen. Acts 1903, p. 310 et seq.), to be found on page 318 of those acts. The act's caption was as follows: "To confer and limit the powers of business corporations, and to provide for their organization and regulation." The codification assigned this section to the division thereof devoted to the positive law on the subject of corporations. It is manifest, we think, both from the parentage of the section and from the unequivocal terms thereof, that in adopting section 3485 the Legislature did not intend to confer on partnerships or individuals the power or right to condemn the right of way described in the section. Indeed, of such statutes it was said in New & Old Decatur R. R. Co. v. Karcher, 112 Ala. 679, 21 South. 825:

"The exercise of the right of eminent domain can, of course, be delegated to public corporations only by legislation; and, most clearly, statutes conferring the right, like the power to tax, must be strictly construed." Lewis on Em. Dom. §§ 371, 388.

To the statute's (section 3485) use of the word "companies" cannot be attributed a purpose to subject the rights of way therein described to condemnation by individuals or firms; and no other statute to which attention has been called by counsel undertakes to permit the condemnation of such rights of way. There was no such change in the phraseology of the particular provisions of the act of 1903 (cited above) when it was made section 3485 of the Code as would justify a conclusion that the codification of the act, in this respect, was intended by the Legislature to have a different meaning or effect from that due to be accorded these particular provisions in the original act. If the question now under consideration had been presented before the codification, a complete answer to the contention of the appellees would have been this: That to construe the substance of what is now section 3485 as permitting individuals to condemn the rights of way described would result in reading into the act a provision not comprehended in the title of the act (Const. § 45), which had the effect to confine the act's provisions to matters of legislation referable alone to corporations.

[2] Since the rule of strict construction is applicable to statutes relating to the delegation of the right of eminent domain, it must be ruled that section 3860 of the Code does not undertake to grant the right to condemn, but only purports to prescribe the "mode," the place, and method of proceeding, where the right to condemn has been in fact conferred or delegated. Karcher's Case, supra; Ala. Interstate Power Co. v. Mount Vernon-Woodberry Cotton Duck Co., 186 Ala. 622, 65 South. 287; Lewis on Em. Dom. §§ 371, 388.

[3] It is insisted for appellees that to read the provisions of section 3485 as not comprehending the condemnation of the rights of way by individuals renders the section unconstitutional on the ground that section 22 of the organic law inhibits legislation that makes "any irrevocable or exclusive grants of special privileges or immunities." Upon the premise thus asserted it is further insisted that, consonant with established, familiar doctrine for averting the invalidation of legislation, if it can be reasonably done, the court must read the section as comprehending, without discrimination, all persons, firms, and corporations similarly engaged or likewise situated. In the course of the opinion in Ala. Interstate Power Co. v. Mt. Vernon Co., 186 Ala. 622, 636, 65 South. 287, it was assumed, consonant with some expressions, in the Steele Case, 83 Ala. 304, 307, 3 South. 761, that the Legislature was under restraint to confer the right to exercise the power of eminent domain upon all of a class, all similarly situated; and that a failure to observe that duty to avoid discrimination would lead to the invalidation of the enactment so offending. This assumption cannot be justified. The correct doctrine is that thus stated in Lewis on Em. Dom., at section 374:

"Strictly speaking, the Legislature cannot delegate the power of eminent domain. It cannot divest itself of sovereign powers. But, in exercising the power, it can select such agencies as it pleases, and confer upon them the right to take private property subject only to the limitations contained in the Constitution. Accordingly it has been held that the right may be conferred upon corporations, public or private, upon individuals, upon foreign corporations, or a consolidated company composed in part of a foreign corporation, and upon the federal government. Such has been the common practice since the Revolution, and the right to do so has never been a matter of serious question; and it may be regarded as settled law that, in the absence of special constitutional restriction, it is solely for the Legislature to judge what persons, corporations or other agencies may properly be clothed with this power."

There is no provision in our Constitution declaring or enforcing a restraint of the character indicated. Indeed, the proviso, in section 23 of the Constitution, through the employment of the disjunctive or, commits to the Legislature a discretion to secure to either persons or to corporations rights of way over the lands of others. The designation by the Legislature of one or many that may, as an agent or agents of the sovereign, exercise the right of eminent domain does not effect to confer or to grant any exclusive special privilege or immunity, within the purview of section 22 of the Constitution of 1901. When the Legislature, expressing the sovereign will, designates and commissions the agent to exercise the right of eminent domain, the fundamental theory is that a public purpose and the public welfare will be promoted and effected through the activ-

ity of the agent so designated by the authority competent to declare the sovereign will. The advantage that may and does accrue to the one or to the many thus designated to serve the public purpose is secondary and incidental only to the public benefit that is always supposed to be derived from the exercise of the power of eminent domain.

But even if the case were otherwise, even though the rule against unwarranted discrimination was applicable to this character of expression of sovereign will, the statute (section 3485) under review is not subject to the objection that it would be rendered thus discriminatory if it is not construed as conferring upon individuals the rights to exercise its authority. The power to legislate presupposes and comprehends the power to select the subjects of and for legislation; and, to that end, to classify the objects upon which is imposed or visited the legislative will. Unless it can be said that to confer the right to condemn described in section 3485 upon corporations only is an arbitrary discrimination against individuals, that it is but the expression of an arbitrary legislative fiat; the statute deserves to be sustained upon the theory that in the exercise of an irrevisable legislative discretion the lawmakers have, in this statute, divided corporations and individuals into two classes, and conferred on the former only the authority provided in the statute. This discrimination, effecting the classification stated, was in our opinion founded in and suggested by circumstances inherent in and surrounding corporations of the kind described in the statute differentiating them from individuals likewise situated. Some of them are these: Such entities are creatures of the state; they hold their franchises subject to good behavior and to the sober, conservative surveillance and will of the state; and they enjoy a measure of perpetuity and a character of right of succession impossible of enjoyment by individuals. These manifest characteristics and qualities of creatures of the state serve to afford bases for an entirely reasonable discrimination, through classification, by the Legislature in the exercise by it of the power to determine when and upon whom and for what constitutional purposes the authority to condemn property under eminent domain may be conferred. Our conclusion, therefore, is that the statute (section 3485) is valid as written; that the fact that its authority is not available to individuals or associations of individuals other than corporations does not render it invalid. Accordingly, the judgment appealed from is reversed, and a judgment will be entered here dismissing the proceeding.

Reversed and rendered. All the Justices concur.