21 So.2d 693

### GERSON et al. v. HOWARD, Judge of Probate.

### 5 Div. 402.

Supreme Court of Alabama.

April 12, 1945.

568

C. Truman Reneau and U. G. Jones, both of Wetumpka, for appellee.

STAKELY, Justice.

The Alabama Polytechnic Institute, popularly known as Auburn, filed its petition in the Probate Court of Elmore County for the purpose of acquiring by condemnation approximately 664 acres of land in Elmore County. The land is owned by Mrs. Beulah G. Gerson. It is leased to Claude B. Bailey. They were made parties to the proceedings and are the appellants here.

The petition contains the following paragraph:

"Second: That the property hereinafter described in this application is needed by the said Alabama Polytechnic Institute for educational purposes and necessary therefor; that said property will be used by the said Alabama Polytechnic Institute in its plan of education and will be used as an agricultural experimental field, primarily and chiefly devoted to experimentation and research in plant breeding, plant disease control, the breeding of winter legumes and winter cover crops, and the breeding of forage and pasture crops. The said Alabama Polytechnic Institute desires to acquire said real estate for such educational purposes."

The defendants (appellants) demurred to the petition. The court overruled the demurrer. Thereupon Mrs. Beulah Gerson and Claude B. Bailey applied to the Circuit Court of Elmore County for a writ of mandamus, directed to Hon. G. H. Howard, the Judge of the Probate Court, to require him to set aside his order overruling the demurrer to the petition for condemnation and in lieu thereof to enter an order sustaining such demurrer.

■ Thereupon Judge Howard (appellee) appeared and demurred to the petition for mandamus. The court sustained the demurrer and dismissed the petition for a peremptory writ. It is from this judgment that this appeal has been taken. The procedure was proper (J. Blach & Sons, Inc., v. Hawkins, 238 Ala. 172, 189 So. 726) and the record aptly presents the questions which we shall proceed to discuss.

■ The right of eminent domain is a right inherent in a sovereign state. It is an incident of sovereignty, born of political necessity. Steele v. County Commissioners, 83 Ala. 304, 3 So. 761; Denson v. Alabama Polytechnic Institute, 220 Ala. 433, 126 So. 133. The Alabama Polytechnic Institute is an agency of the State. It is a part of the State. The proceedings here are in the name of the Alabama Polytechnic Institute, yet they are on behalf of the State to acquire property for use by the State in promoting the welfare of its citizens. Denson v. Alabama Polytechnic Institute, supra. But it is contended that while the power of eminent domain resides in the State, yet this right lies dormant and cannot be exercised except and until the right of exercise is granted by the legislative branch of the government. It is further insisted that there has been no legislative action to make this grant. This contention presents the real question in this case.

■■ We are in accord with the general principle contended for by the appellants. Our cases support the principle. Aldridge v. Tuscumbia C. & D. R. R. Co., 2 Stew. & P. 199, 23 Am.Dec. 307; Dean v. County Board of Education, 210 Ala. 256, 97 So. 741. But we do not agree with the application in the case at bar. It is quite true that § 1, Title 19, Code of 1940, even though it includes the Alabama Polytechnic Institute, will not suffice to show the necessary legislative action, because it does not grant the right to condemn, but merely prescribes the method of procedure. Denson v. Alabama Polytechnic Institute, supra.

■ But under § 266 of the Constitution of 1901, the Board of Trustees is the constitutional governing body for the purpose of carrying out the constitutional functions of Auburn. This body is, pro hac vice, its legislature and can do those things which

pertain to the purposes for which the Alabama Polytechnic Institute was created. There is no need in this instance for an express statutory declaration in the ordinary sense. This is the reasoning on which is rested in part the soundness of the decision of this court in Denson v. Alabama Polytechnic Institute, supra. See 29 C.J.S., Eminent Domain, § 21, p. 805.

In the case of Denson v. Alabama Polytechnic Institute, supra, Auburn sought to condemn certain real estate which projected into the campus at Auburn, in order to further the program of necessary building expansion. This court held that the power of condemnation had been granted, citing § 266 of the Constitution of 1901, and in referring to what is now § 1, Title 19, Code of 1940, referred to supra, said [220 Ala. 433, 126 So. 134]: "The language of this section discloses that the lawmaking body clearly assumed as previously existing, the power of eminent domain in the Alabama Polytechnic Institute."

█ But it is insisted that it is too far a reach from building expansion on the campus at Auburn to establishing an agricultural experimental field in Elmore County for the decision in Denson v. Alabama Polytechnic Institute, supra, to apply as an authority here. With this we do not agree.

By the Act of Congress of the United States of July 2, 1862, 7 U.S.C.A. § 304, lands were granted to the several states for "the endowment, support, and maintenance of at least one college, where the leading object shall be, without excluding other scientific and classical studies and including military tactics, to teach such branches of learning as are related to agriculture and the mechanic arts." Subsequent to the enactment of the foregoing act, Auburn was incorporated by the Legislature as "The Agricultural and Mechanical College of Alabama." Later the name was changed to "The Alabama Polytechnic Institute" by Act of the Legislature, General Acts 1898–99, p. 22, which now appears in the Code of 1940, Tit. 52, as follows:

"§ 474. Body corporate.—The governor and the state superintendent of education by virtue of their respective offices, and the trustees appointed from the different congressional districts of the state, under the provisions of section 266 of the constitution of 1901, and their successors in office, are constituted a body corporate under the name of 'The Alabama Polytechnic Institute,' to carry into effect the purposes and intent of the congress of the United States in the grant of lands by the act of July 2, 1862."

See also Acts of Alabama, 1871–72, p. 84; Acts of Alabama, 1888–89, p. 1076.

█ A study of the foregoing acts clearly shows that Auburn was established by the State for the purpose, among other things, of teaching and training its citizens in all branches of learning related to agriculture. In 1883 the Legislature provided for the establishment and maintenance of an experimental farm as a part of Auburn. Acts 1882–83, p. 164. For many years Auburn has been actively engaged in teaching agriculture and in making experiments and in doing research work in matters related thereto. It is a matter of common knowledge that experimentation and research is a most important method in teaching agriculture, in improving agricultural methods and thereby developing the agricultural learning and resources of the people of the State.

█ It is a matter of common knowledge that the climatic conditions in Alabama vary, that the types of soil in various parts of the State vary, that plant diseases and insects that destroy plants vary in different parts of the State, that some plants will thrive in some parts of the State and not in others. It accordingly follows that experimentation and research in all parts of the State is necessary for the development of agriculture and to impart adequate instruction in relation thereto. If Auburn is to serve its educational purposes in agriculture for the welfare of all the citizens in the State, it cannot be said that its power of condemnation of property to this end is limited to the campus at Auburn. When necessary for such educational purposes, and the necessity for acquiring the property involved in this case for an agricultural experimental field is alleged, we think it clear that the right to acquire by condemnation the property here sought to be acquired has been granted.

It is argued, however, that the provisions of the various sections (§§ 642–648) that make up Chapter 3, Title 2, Code of 1940, and which relate to the Alabama Agricultural Experiment Station System, demonstrate that no power to condemn has been granted because there is no mention of condemnation therein. But there is no need to mention that which need not be mentioned. The omission shows that the Legislature

·considered the power already existent. Denson v. Alabama Polytechnic Institute, .supra. Those statutes place upon Auburn further aind additional duties in experimen-·tation and research in various parts of the State quite in keeping with the purposes for which Auburn was established.

The court acted correctly in sustaining the demurrer and dismissing the petition for mandamus.

Affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.