31 So.2d 330

**BLANTON v. FAGERSTROM et al.**

**2 Div. 240.**

Supreme Court of Alabama.

June 30, 1947.

Rehearing Denied July 31, 1947.

A. A. Carmichael, Atty. Gen., and T. G. Gayle, of Selma, for appellant.

Gamble & Lapsley, of Selma, for appellees.

County, under a contract made by the State of Alabama with Cobb Brothers Construction Company, a private corporation. Dallas County is not a party to the improvement.

The contract between the State and Cobb Brothers Construction Company provides, in part, as follows: "1. The contractor promises and agrees to furnish and deliver all the material and to do and perform all the work and labor required to be furnished and delivered, done and performed in and about the improvement and construction of a road in Dallas and Perry Counties, known as Federal-Aid Project Number F-142(4), same to be constructing the grading, drainage and concrete pavement on the Uniontown-Brown Road. Length—4.589 miles, in strict and entire conformity with the provisions of the contract, and the notice to contractors and the proposal, and the plans and specifications (including special provisions) prepared (or approved) by the State Highway Director (or an assistant engineer), the originals of which are on file in the office of the State Highway Department, copies of which are hereto attached, and which said plans and specifications and the notice to contractors and the proposals are hereby made a part of this agreement as fully and to the same effect as if the same had been set forth at length in the body of this agreement."

In the plans and specifications pertaining to such project, it was provided that the State of Alabama would obtain for the use of Cobb Brothers Construction Company certain road-building materials found upon lands located in Dallas County, and owned by appellees, together with an easement in such lands to be used for the purpose of temporary haul roads affording ingress and egress to such materials. In short, the contract provides that the county of Dallas is to condemn the lands, that the State will reimburse the county, after which the contractor will be authorized to use the materials for which the State will deduct three cents per cubic yard from the amount due the contractor. The lands of the appellees from which the materials are sought to be taken are located in Dallas County, and are between three and four miles distant from the highway upon which it is proposed to

LIVINGSTON, Justice.

This is an appeal from an order of the Circuit Court of Dallas County, Alabama, granting a writ of mandamus to vacate and set aside an order entered by appellant, G. C. Blanton, as Judge of Probate of Dallas County, in a condemnation suit instituted by Dallas County against the appellees. In the condemnation proceedings it was sought to condemn certain materials consisting of roadbed topping material, or an easement to take roadbed topping material from lands of appellees, for use in constructing a public highway to be constructed partly in Dallas County and partly in Perry

use such materials; and no part of appellees' lands are included in the right of way for such highway, and do not abut such highway or the right of way thereof.

■ It is of course well recognized that the right of eminent domain is the offspring of political necessity, and is inseparable from sovereignty, unless denied to it by its fundamental law. Steele v. County Commissioners, 83 Ala. 304, 3 So. 761; Denson v. Alabama Polytechnic Institute, 220 Ala. 433, 126 So. 133; Gerson v. Howard, Judge, 246 Ala. 567, 21 So.2d 693.

■ It is equally well understood that the grant of the power of eminent domain is one of the attributes of sovereignty and does not pass by implication, and that statutes conferring the right must be strictly construed. Denson v. Alabama Polytechnic Institute, supra; New & Old Decatur Belt, etc., R. Co. v. Karcher, 112 Ala. 676, 21 So. 825; Sloss-Sheffield Steel & Iron Co. v. O'Rear, 200 Ala. 291, 76 So. 56.

Section 26, Title 23, Code of 1940, provides: "The state, acting through the highway department and its duly authorized employees and the various counties of the state acting through the board of revenue or other like body and their duly authorized employees, in the doing of public road work, shall have and exercise the right, power and authority, when deemed necessary or advisable to do so, to close public roads to traffic, and when possible so to do, to make detour roads and to contract for such land as may be necessary for such detour roads; also to acquire by purchase or by condemnation land necessary for drainage ditches and borrow pits, lime and stone quarries, clay and clay pits, sand and sand pits, gravel and gravel pits, together with any and all other material of every character that may be necessary or essential or desired in the construction and maintenance of highways and bridges, and to tap and draw materials from the same to such extent as may be desired, and the highway department shall also have the right to acquire by purchase or condemnation rights of way necessary for ingress and egress to such material pits as above named."

The case turns upon the proper construction of the foregoing statute.

■ The State does not delegate to itself the right of eminent domain. That right is inherent, unless or until restricted by organic law, the Constitution. Section 26, supra, designates the Highway Department and the various counties of the State as the instrumentalities through which the State may exercise its sovereign power of eminent domain in respect to the matters enumerated therein. In authorizing the counties thus to proceed to acquire materials for the construction or maintenance of highways, the statute does not put a limitation on the sort of highways to be constructed: that is to say, whether they shall be those which have been delegated to the counties for construction or those which have been delegated to and remain under the jurisdiction of other State agencies. Not being limited, it is our view that the statute includes the construction of all highways of the State. This being so, it is of no consequence that materials condemned or taken in one county are used in the construction or maintenance of highways in another county.

Under the contract between the State and Cobb Brothers Construction Company, the State agreed to furnish the materials involved at a price agreed on between the parties. It is assumed that the owners of the materials will receive full value therefor when the same are condemned. Whether the State gains or loses by the transaction can be of no interest to the owners. It does not create a situation where the county or State is condemning materials for the benefit of a private corporation.

■ There is nothing in the statute that limits the taking of materials deemed to be necessary or essential or desired in the construction and maintenance of highways to lands or materials contiguous to the highway upon which it is to be used. See, State Highway & Public Works Commission v. Basket, 212 N.C. 221, 193 S.E. 16.

■ Here, the State of Alabama, through the instrumentality of Dallas County, proposes to condemn certain road-building ma-

terials for the construction or maintenance of a public highway. The record presents no valid reason why it may not do so. The trial court was in error in holding to the contrary.

The cause is reversed and remanded.

·All the Justices concur, except LAW-SON, J., not sitting.