ALMON, Justice.
Petition for writ of mandamus to the Honorable Fred W. Nicol, Judge of the Circuit Court of Tuscaloosa County, Alabama.
Alabama Power Company filed an application for an order of condemnation in the probate court of Tuscaloosa County, Alabama seeking to condemn a right-of-way over an existing right-of-way owned by the petitioner, Alabama Great Southern Railroad Company. Specifically, Alabama Power sought a right-of-way over AGS’s railroad tracks in order to relocate its overhead transmission lines to a point 500 feet south of where they already crossed AGS’s tracks and to add an additional transmission line to those existing lines.
The Honorable W. Hardy McCollum, Judge of the Probate Court of Tuscaloosa County, Alabama presided over the condemnation proceedings. At the close of Alabama Power’s case, AGS moved for a directed verdict on the ground that Alabama Power failed to carry the burden of proof imposed upon one who seeks to condemn property already devoted to a public use. AGS’s motion was denied. Judge McCol-lum subsequently entered an order granting the right of condemnation and appointed commissioners to establish the value of the property.
AGS then filed a petition for writ of mandamus in the circuit court. The Honor *839 able Fred W. Nicol granted this petition and commanded Judge McCollum to either dismiss the application for condemnation or to appear before him on December 15,1980, to show cause why he should not do so. On November 25, 1980, Alabama Power filed a motion to dismiss the petition for writ of mandamus. At a hearing held before him on that day, Judge Nicol realized that he had signed AGS’s petition under the mistaken belief that it was another case, as the following excerpts from the transcript of the hearing reflect:
MR. ZEANAH: Judge, the reason we are here_
THE COURT: Yes, sir.
MR. ZEANAH: Is to file with the court a motion to quash the Writ of Mandamus which you had signed on [November] 18.
THE COURT: Had I just set a date for it?
MR. ZEANAH: No, sir.
THE COURT: I actually issued a Mandamus?
MR. ZEANAH: Yes, sir, and it is dated [November] 18, 1980, and we want to file this motion to quash and to dismiss the petition for mandamus which Alabama Great Southern Railway has filed.
******
THE COURT: How did this get sent to me in the first place? I thought I had signed something in the Peco case, which is a condemnation case that we had just had a hearing about. * * * *
******
THE COURT: I will give you gentlemen my word in thinking back on this thing I thought I had signed an order to answer interrogatories in the Peco case. I knew I told them to put it in writing, but this is the petition here. I must have signed the order.
MR. ZEANAH: That is our petition.
THE COURT: Well, I mean ...
MR. JENKINS: The order is in the court file.
THE COURT: Where is the order I signed?
MR. JENKINS: In the court file, Your Honor.
THE COURT: Well, Jim, I am sorry. I don’t know anything else I could do about the mistake. I just don’t want to make two wrongs.
******
THE COURT: Well, I am sorry, gentlemen. I am sorry it happened is all I can say, but in view of the circumstances I feel that I should quash what I did through error.
******
MR. JENKINS: Is Your Honor going to enter that order now?
THE COURT: Yes, sir, I feel that I should.
******
MR. MILLER: Did you date the order, Your Honor?
THE COURT: I dated it 11-25-80. The foregoing motion is sustained and granted and said petition is ordered dismissed and the writ is quashed.
******
Neither the merits of the motion to dismiss nor the facts in the case were discussed during this hearing.
AGS has filed a petition for writ of mandamus in this Court requesting that Judge Nicol be directed to vacate his order dismissing the petition and to conduct a hearing on the merits of the petition. We think AGS is entitled to its requested relief.
The decisions of this Court in Brittain v. Southern Railway Co., 280 Ala. 650, 197 So.2d 453 (1967); Southern Railway v. Todd, 279 Ala. 260, 184 So.2d 341 (1966); Lybrand v. Forman, 259 Ala. 354, 67 So.2d 4 (1953); and Gerson v. Howard, 246 Ala. 567, 21 So.2d 693 (1945), recognized the rule that mandamus is a proper remedy to review an order of condemnation entered by the probate court. It is implicit from those cases that the petitioner is entitled to have the merits of its petition considered and that the circuit court judge should conduct a *840 hearing and enter an appropriate judgment on the merits of the petition.
WRIT GRANTED.
TORBERT, C. J., and FAULKNER, EM-BRY and ADAMS, JJ., concur.