## BROOKS *vs.* KIRBY.

1. A certiorari does not lie to review the sentence of the Commissioners' Court, refusing to establish a private road.

2. Whether a mandamus from the Circuit Court would not lie, to require the Commissioners' Court to proceed and exercise its discretion, when the record shows that its action was not predicated upon the facts, as they might have been made to appear, but, upon a supposed legal insufficiency of the petition, which induced the court to repudiate the application.—QUERE?

ERROR to the Circuit Court of Tuskaloosa. Tried before the Hon. John D. Phelan.

DANIEL O. BROOKS petitioned the Commissioners' Court of Tuskaloosa, for the establishment of a private road across an enclosure in the occupancy of John Kirby. He alleged in his petition, that he owned lands on each side of said enclosure; that he, and those under whom he claimed, had used a right of way across the enclosure for twenty years, during which time it had been waste and unoccupied land; that Kirby had recently purchased and enclosed it, and thereby subjected petitioner to great trouble and inconvenience. Kirby contested the application, and demurred to the petition. The Commissioners' Court sustained the demurrer, and refused the prayer of the petition. The case was removed into the Circuit Court, by certiorari, where the judgment of the Commissioners' Court was affirmed, and the case is brought to this court by writ of error.

E. W. PECK, for plaintiff in error:

1. Do the facts stated in the petition entitle the plaintiff to a private way in this case?

The statute above referred to authorizes the court of roads and revenue in each county on the application of any one or more persons to grant and establish private roads, not exceeding fifteen feet wide. This is not a mere discretionary power, that the court may or may not exercise. They are bound to receive, entertain an application under the act, and in a proper case grant and establish the road prayed for. The only prohibitions in the act is, that such roads shall not be opened through any

one's plantation. The court below refused the application of the plaintiff, because the contestant had run a fence around the strip of land through which the road was sought to be established. There is no fact stated in the petition that shows that the road, if granted, would run through contestant's plantation. The word plantation employed in the act means something more than enclosure ; a party by running a fence around or across a piece of wood land, cannot defeat an application for a private way. By plantation, here, the Legislature did not mean all the land that a party might own, but merely the cultivated or improved part thereof.

Here the plaintiff and those under whom he claimed had been accustomed for twenty years and more, to the use of a way across this land. It was open and without obstruction; there was therefore no necessity for this application, until the contestant run his fence around it, and it will be worse than mockery to say that the plaintiff is to be utterly shut out from the use and enjoyment of his farm, because a capricious or unfriendly neighbor has seen fit to build a fence in his way, before the application was actually made.

FRIERSON, *contra:*

By reference to the record, you will find the petition filed in the court of roads and revenue, which embodies the facts as briefly as I could possibly condense them here.

Upon these facts, I call your attention to the following points:

1st. That a party interested can appear, and upon application make himself a party to the suit, on an application for a private way.—Moore v. Hancock, 11 Ala. 245 ; 15 Ala. 54.

2nd. That when Kirby made himself a party to the suit, it was then purely a private suit between the parties, involving private interests alone, and the court will decide upon the rights of the parties according to the facts presented.—Jones *ex parte,* 1 Ala. 15.

3rd. That Brooks has shown that he was entitled to his way as a matter of sheer justice ; that he and those under whom he held, had been in the undisturbed possession and use of said way, "time out of mind." This would be equivalent to twenty years possession, which, of itself, would make plaintiff's right of way perfect.—See Am. Com. Law cases, 8th vol. 391 ; also, 2 Hill, S. C. 641.

4th. The statute was intended to reach and cover this very case. The plaintiff, at common law, had his rights clearly defined, and the remedy pointed out. The design and intention of the Legislature was not to enlarge his rights, but to give a more summary remedy than that given by the common law. If the statute was remedial in its character, and it certainly was so designed, it could not very well apply in any other case. The object of the Legislature was to give a summary remedy to every citizen, by which he could have free ingress and egress, not only to his court house and church, but to his farm; and it never was intended, that this remedy given by the statute could be taken away by the act of a captious or malicious neighbor, or by the fact of the party, by long use, having matured his inchoate right into a perfect one. The Legislature must have intended the remedy for this class of cases, and if so, the County Court should have taken jurisdiction, and passed upon the rights of the parties; and the superior court will correct their error.

It would be well to illustrate my idea by a reference to the fact, that there are now numerous persons who own and cultivate river bottom land, all having one way to go into their farms, or perhaps each having different ways to enter their river farm from the uplands.

Suppose then, that some malicious neighbor should conclude to fence out all or any one of his neighbors from ingress to his farm; would he be driven to the tardy remedy of the common law; or did not the Legislature intend to reach this case.—See Singleton v. Com. Roads, 2 N. & McC. 526.

CHILTON, J.—It was early decided by this court, that no appeal or writ of error would lie from the Commissioners' Court of roads and revenue, to the Circuit or Supreme Court.—Ricks v. Hall, 4 Por. 178 ; Tarleton, *ex parte*, 2 Ala. 35; Hill v. Bridges, 6 Por. 197 ; but if the Commissioners' Court proceeds to lay out a road to the injury of a party, the person so aggrieved has his remedy by *certiorari* to the Circuit Court, and by writ of error from that court to this.—Commissioners' Talladega Co. v. Thompson, 15 Ala. 134; Barnett v. The State, ib. 829. So also, when that court, in a proper case for its action, refuses to act, it may be required to proceed by *manda-*

*mus* issued from the Circuit Court, from which court a writ of error will lie to this.—State *ex rel.* Driver v. The Commissioners' Court Roads & Rev. of Talladega Co., 3 Por. 412. But the court awarding the *mandamus* cannot prescribe the judgment to be rendered, in cases where the inferior court is invested with a discretion. It can only be required to exercise its discretion. Cuthbert *et al.* v. Lewis, 6 Ala. 268.

In the matter of establishing roads, &c., and granting ways to private individuals, the Legislature has invested the Commissioners' Court with enlarged discretionary powers, and from the very nature of the proceedings, and the constitution of the court, when it acts, and its decision rejecting an application, predicated upon the evidence and the considerations of convenience and public necessity which may properly influence it, we do not see how it is to be controlled by any other court. It is made the exclusive judge of the weight of the evidence, of the necessity which exists for the proposed road, &c., and of the inconvenience which may result from its establishment. Its members may be well acquainted with all the facts, and may predicate their action upon their personal knowledge of those facts, which the record would not disclose. All this but proves that so long as the action of the court does not invade private rights illegally, no one has a right to revise or call in question its decisions made in the exercise of its discretionary powers. The cases in 15 Ala. above cited, and Long v. The Commissioners' Court of Butler, at the last term, were all cases in which the court had established roads, and the parties whose rights were injuriously affected sought to quash the proceedings for illegality upon their face. We have been unable to find any case where a *certiorari* has been awarded to reverse the decision of the Commissioners' Court, in refusing to establish a road, or to grant the prayer of such petitions.

We think that it was the duty of the Commissioners' Court to have proceeded on this petition, and to have investigated and determined upon the merits of the proposed right of way, in view of all the facts and circumstances which could have been adduced before it. We are of opinion also, that the court should have disregarded the demurrer, as withdrawing from it the discretion with which the Legislature has invested it over the subject matter of the petition, and as a proceeding never contemplat-

ed by the statute. Nor are we prepared to say that a *manda-mus* would not lie from the Circuit Court in the case before us, to require the Commissioners' Court to proceed and exercise its discretion, since the record shows that its action was not predicated upon the facts as they might have been made to appear, but upon the supposed legal insufficiency of the petition, which induced the court to repudiate the application, upon the mistaken idea perhaps, that a simple enclosure of waste lands would constitute a "plantation" in the sense in which that term is used in the act. We will, however, leave this an open question; all we now decide is, that the sentence of the Commissioners' Court of roads and revenue, refusing to establish the private road petitioned for, cannot be reviewed on *certiorari*.

The proceedings in the Circuit Court were *coram non judice*, and the writ of error to this court must be dismissed.