ADAM SCHEHR v. CITY OF DETROIT.

*Private alleys—assessment of benefits.*

Act 201 of 1877 is of doubtful constitutionality in that while its title provides only for taking private property for the *public* use and benefit, and for the opening of highways, streets and alleys, by the cities and villages of this State, the act itself also authorizes the opening of *private* roads and alleys. The title would have been sufficient, however, for alleys for the mixed use of the public and private individuals.

Whether part of the expense of opening a private road can be assessed in the shape of benefits upon the property taken therefor, when the owners have not petitioned for the road, and do not need it—Q.

Whether persons petitioning for a private road through the private property of others who do not desire it, should not pay the entire expense of opening it—Q.

Certiorari. Submitted Jan. 27. Decided April 13.

*Otto Kirchner* for plaintiff in *certiorari*.

City Counselor *F. A. Baker* for defendant in *certiorari.*
The same statute may provide for the opening of public
and of private alleys : Const., art. xv. § 15; art. xviii. § 14;
and the title in this case is sufficient for the constitutionality
of the statute : *Inkster v. Carver* 16 Mich. 484; *Kurtz v.*
*People* 33 Mich. 280.

MARSTON, C. J.  This is a *certiorari* to review the pro-
ceedings had in the Recorder's court in opening a private
alley.   The plaintiff raises a number of objections.   Among
others he insists that the act, under color of which the pro-
ceedings were taken, is unconstitutional in so far as it
attempts to confer authority to open private ways, in that
the act embraces more than one object; the title .confines
the object to the condemnation of private property for public
use ; and the act provides for an assessment for a private pur-
pose.

The act in question, No. 201, Pub. Acts 1877, p. 246,
seems to have been drafted with care, and yet in my opinion
there are serious difficulties in the way of providing in the
same act, for the opening of both public and private ways.
The title of the act provides for the opening of highways,
streets and alleys for the public use, but the act goes farther
than this and also undertakes to give power to open private
roads and alleys.*

There is no doubt but that alleys in cities and villages may
be opened under the provisions of this act where necessary
for the usual mixed use of the public and private individuals,
as in a certain and qualified sense they may be.   In this case
the proceedings were to open the alley for the sole private
use and benefit of certain individuals, and because of a pri-
vate necessity therefor.   While in either case the object of
the act is to provide for the opening of ways, and while
many of the provisions applicable to the opening of public
highways would be equally pertinent in an act for opening

---

*The title of the act is: " An Act to provide for taking of private
property for the public use or benefit and for the opening of highways,
streets and alleys, by the cities and villages of this State."

private ways, yet the analogy beyond this is not so clear. To say the least it might be very questionable whether under the title of the act in question, provisions could have been incorporated in the body, applicable to or authorizing private property to be taken for railroad and similar purposes. It may be that the objects aimed at in the constitutional provision supposed to be violated, would not apply to the fullest extent in the present case, and yet we cannot say that some of them would not, and that the act in question therefore is free from doubt.

There is another serious difficulty in this case. That the legislature may provide for the opening of private roads under our Constitution is clear, and private property may be taken for such purpose. But can the property of an individual be taken for a private road for the use of one or more third parties, and a part of the expense of opening the same be assessed upon such property in the shape of benefits? Or must not the parties asking a private road, and whose necessities are the foundation for taking private property of others, pay the entire cost and expense? Can such private way be considered, within the meaning of the law, a benefit to any persons over whose land it may be laid, although they do not ask for or use the road, or at least to whom such road is not in any true sense a necessity? These are difficult questions to answer in the affirmative, and while it is possible the act in question could be so construed as not subject to any such objections, yet the proceedings in this case can receive no such favorable construction.

Without discussing the questions raised, at any greater length, I am of opinion that the proceedings in this case cannot be sustained and must be quashed, with costs to the plaintiff.

The other Justices concurred.