# Steele *v.* County Commissioners.

*Certiorari to Commissioners Court in matter of Establishing Private Road.*

1. *Private road; constitutionality of law authorizing establishment of.* Under constitutional provisions now of force, the General Assembly may by law secure to persons or corporations the right of way over the lands of other persons or corporations, just compensation being first made (Const. Ala. 1875, Art. I, § 42); and the present statutory provisions authorizing the establishment of private roads (Code, §§ 1676-7) are a valid exercise of this constitutional power.

2. *Certiorari, or mandamus; lies when.*—A *certiorari* lies, at the instance of a party injured, to remove into the Circuit Court for revision the proceedings of the County Commissioners in establishing or opening a private road; but not from their refusal to grant the application, on the ground that the law is unconstitutional. *Mandamus* is the proper remedy in such case.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. H. C. SPEAKE.

In the matter of proceedings instituted by J. S. Steele, by petition addressed to the County Commissioners Court, asking the establishment of a private road from his own land, through lands belonging to A. W. Crowson, into the public road. On the filing and hearing of the petition, the court appointed viewers to examine the lands, and report on the proposed road; but, on the final hearing, the commissioners having reported on the practicability of the proposed road, &c., the court dismissed the petition, on the ground that, under constitutional provisions, it had no authority to open a private road through another man's land without his consent. The petitioner excepted to this ruling and judgment, and then sued out a *certiorari* from the Circuit Court to revise the proceedings. On the hearing of the cause, that

[Steele v. County Commissioners.]

court dismissed the *certiorari*, on the ground that it was not the proper remedy; and its judgment is here assigned as error.

WM. RICHARDSON, for the appellant, cited *People v. Van Alstine*, 32 Barbour, 139; *Lamar v. Comm'rs Court*, 21 Ala. 772; *Jones v. Black*, 48 Ala. 590; *Comm'rs v. Hearne*, 59 Ala. 371; *Comm'rs v. Thompson*, 15 Ala. 134; *Benton v. Taylor*, 46 Ala. 388; *Brooks v. Kirby*, 19 Ala. 72; *Ex parte Echols*, 39 Ala. 700; *Ex parte Madison Turnpike Co.*, 62 Ala. 99.

JNO. D. BRANDON, *contra*.

CLOPTON, J.—The material question presented by the record involves the constitutionality of sections 1676 and 1677 of Code of 1876, which provide for and regulate the establishment of private roads.

The right of eminent domain antedates constitutions, and is an incident of sovereignty, inherent in, and belonging to every sovereign State. The only qualification of the right is, that the use for which private property may be taken shall be public. Section 13 of the Declaration of Rights in the constitution of 1819 declared: "Nor shall any person's property be taken or applied to public use, unless just compensation be made therefor." The constitution did not assume to confer the power of eminent domain, but, recognizing its existence, limited its exercise by requiring that just compensation shall be made. Under this constitutional provision it was held, that the legislature could not, with or without compensation, take private property for private use; that a private road was a private use, and that sections 1187 and 1188 of Code of 1852, which correspond with sections 1676 and 1677 of Code of 1876, were unconstitutional, so far as they undertook to confer authority to establish such road over the lands of another without his consent.—*Sadler v. Langham*, 34 Ala. 311. An amended or revised State constitution should be interpreted in the light of its predecessors; and when new provisions are introduced, they shoud be given a fair and legitimate meaning, and so construed, having regard, to their nature and purposes, as to accomplish the objects intended. In framing the constitution of 1861, the declaration of the constitution of 1819, above quoted, was retained, and a new and additional provision was

[Steele v. County Commissioners.]

introduced, which is as follows: "Private property shall not be taken for private use, or for the use of corporations, other than municipal corporations, without the consent of the owner; but the right of way may be secured by law to persons and corporations, over the land of persons and corporations; also, the right to establish depots, stations and turnouts, to works of public improvement; *Provided*, just compensation be made to the owner of such land."—Const., Art. III, § 30. It is manifest there was a purpose in the introduction of this new provision, which may be discovered from its nature, the circumstances under which it was introduced, and the causes thereof. These provisions were co-joined, and substantially incorporated in the constitutions of 1865 and 1868, as section 25 of the Bill of Rights; the only material alteration being, that compensation shall be made before the taking.

The makers of the present constitution deemed it necessary and proper to change in some respects the provisions in the constitutions next preceding, and framed section 24 of the Declaration of Rights so as to read as follows: "That the exercise of the right of eminent domain shall never be abridged, nor so construed as to prevent the General Assembly from taking the property and franchises of incorporated companies, and subjecting them to public use the same as individuals. But private property shall not be taken or applied to public use, unless just compensation be first made therefor; nor shall private property be taken for private use, or for the use of corporations, other than municipal, without the consent of the owner; *Provided*, however, that the General Assembly may by law secure to persons or corporations the right of way over the lands of other persons or corporations, and by general laws provide for and regulate the exercise by persons and corporations of the rights herein secured; but compensation shall, in all cases, be first made to the owner." It will be observed, that in respect to the power to secure to persons and corporations the right of way over the lands of other persons and corporations, the provision in the preceding constitutions is unchanged. The purposes of this section are unmistakable. It is intended to prohibit the abridgment of the exercise of the right of eminent domain, in reference to the property and franchises of corporations; to require just compensation in all cases; and to prevent private property from being taken for private use, or for the use of corporations other than municipal, without the consent

[Steele v. County Commissioners.]

of the owner, qualified by the proviso to the section. The same purposes which operated to introduce the power to secure the right of way to persons and corporations in the constitution of 1861, operated to continue it in the succeeding constitutions.

The authority of the court of County Commissioners to establish private roads was first conferred by the act of 1832. Under this authority, private roads had been established; and in *Long v. Comm'rs*, 18 Ala. 482, the proceedings for this purpose were held to be regular. No constitutional question was raised or considered, but the decision was generally considered as a silent recognition of the constitutionality of the act. When the framers of the constitution of 1861 were brought to consider the exercise of the right of eminent domain, they were faced by the decision in *Sadler v. Langham*, *supra*, holding that the legislature had no authority to confer such power, which decision was made two years previously. Having been taught by experience the imperious necessity of some power to establish private roads, so that there may be secured to the owners of lands, shut in by lands of co-terminous proprietors, a way of egress and ingress to and from the public roads, thereby preserving and enhancing the value, promoting the owner's full and lawful use and enjoyment of his property, and serving the public interest, by putting the citizen in position to perform public services, and to remedy the consequences of the decision that the legislature had no such authority under the constitution of 1819, they introduced the provision, that the General Assembly may secure by law to individuals and corporations the right of way over the lands of other persons and corporations. The uses of some incorporated companies, such as railroads and turn-pike roads, had been pronounced public by a series of decisions, and were so understood when the constitution was adopted. The power to secure the right of way applies to persons and corporations without discrimination, and the effect is to put both in the same class in respect to the character of the use. The proviso in the section of the constitution serves the natural and appropriate office of restraining or qualifying the preceding general provisions; and its operation is to except the right of way over the lands of persons and corporations from the general prohibition against taking private property for private use, by impliedly declaring the same to be a public use. The conclusion is, that the legislature may provide for the establish-

ment of private roads, and that private property, to the extent of the right of way, may be taken for such purpose, upon just compensation being first made, and that the enactment of sections 1676 and 1677 is a constitutional exercise of the power.—*Scherr v. Detroit*, 45 Mich. 626.

Notwithstanding this conclusion, we are compelled to affirm the judgment of the Circuit Court dismissing the *certiorari*. When the court of County Commissioners proceeds to open and lay out a road to the injury of a party, he has his remedy by *certiorari* to the Circuit Court, and by appeal to this court; but a *certiorari* will not lie to review the judgment of the court of County Commissioners dismissing an application to establish a private road, on the ground that there is no constitutional authority to establish such road over the land of another without the consent of the owner. *Brooks v. Kelly*, 19 Ala. 72. On a common-law *certiorari*, the only judgment which can be rendered, is to affirm or quash the proceedings. The trial is not *de novo*. The establishment of a private road rests largely in the discretion of the court of County Commissioners, which discretion can not be reviewed by *certiorari*.—*Comm'rs v. Hearne*, 59 Ala. 371. In a case like the present, the remedy is by *mandamus* from the Circuit Court to compel the court of County Commissioners to vacate and annul the order of dismissal, and to proceed and determine the matter.—*Ex parte Lowe*, 20 Ala. 330; *Ex parte Crenshaw*, 60 Ala. 378.

Affirmed.