118    349.
s76NW 633
191US ³385
191US ³386

MANISTEE & NORTHEASTERN RAILROAD CO. v. COMMIS-
SIONER OF RAILROADS.

1. STATUTES—RAILROADS—EXEMPTION FROM TAXATION—GRATUITY.
   A statute extending to railroads building and operating lines
   within a specified territory a partial exemption from tax-
   ation does not create a contract, but confers a gratuitous
   privilege, revocable at the pleasure of the State.

2. SAME—SUFFICIENCY OF TITLE.
   That the title of an act is not broad enough to cover certain
   provisions thereof does not invalidate the act as to other and
   independent provisions.

3. SAME—REPEAL.
   The repeal by Act No. 228, Pub. Acts 1897, of the partial ex-
   emption from taxation extended to certain railroad com-
   panies by Act No. 174, Pub. Acts 1891, and Act No. 129, Pub.
   Acts 1893, does not deprive such companies of their exemption
   up to the time the repealing act took effect.

*Mandamus* by the Manistee & Northeastern Railroad
Company to compel Sybrant Wesselius, commissioner of
railroads, to exclude a part of its road in computing the
amount of its taxes.    Submitted June 20, 1898.    Writ
granted October 3, 1898.

Act No. 174, Pub. Acts 1891, and Act No. 129, Pub.
Acts 1893, provided for the taxation of railroads, and con-
tained the following exemption clause:

"*Provided, further*, that the rate of taxation fixed by
this act, or any other law of this State, shall not apply to
any railway or railroad company hereafter building and
operating a line of railroad within this State north of par-
allel 44 of latitude, until the same has been operated for
the full period of 10 years, unless the gross earnings shall
equal $4,000 per mile, except in so far as said line so built
shall extend south of said parallel; but no such company
shall be entitled to the immunity from taxation herein
provided, when the same is owned, leased, or operated by

existing companies, until the report of earnings to the commissioner of railroads required by the laws of this State, containing the earnings of such lines hereafter built, separate and distinct from the earnings of existing lines, shall be made and filed."

This exemption clause was repealed by Act No. 228, Pub. Acts 1897. The relator was organized, and the greater part of its road constructed, prior to 1891. After the passage of that act, it extended its line from the village of Lake Ann to Traverse City, and constructed a branch 3½ miles long, known as the "Glen Arbor Branch." The respondent, under the act of 1897, computed the amount of tax upon the gross earnings of the entire road. The relator asks for the writ of *mandamus* to compel the respondent to make a new computation, leaving out that part of its road constructed after the passage of the act of 1891.

*M. J. Smiley*, for relator.

*Fred A. Maynard*, Attorney General (*John Atkinson*, of counsel), for respondent.

Grant, C. J. (*after stating the facts*). The relator contends:

(1) That by the extension of its road it accepted the proposition made by the State, and that thereby a contract exists between the corporation and the State, which a subsequent legislature cannot avoid by a repeal of the law.

(2) That the exemption was valid until repealed; that the repeal did not take effect till August 30, 1897; and that the company was therefore exempt from taxation until that date, even if the repeal be held valid.

(3) That the law of 1897 is unconstitutional and void, in that it embraces two subjects, one of which is not expressed in the title.

1. The question whether such a statute creates a contract, or confers a gratuity or bounty or privilege, existing *bene placitum*, is no longer debatable. It is settled by a long line of decisions that they are mere gratuities. The

essential element of a binding contract, viz., a considera-
tion, is wanting.    The question is ably and fully discussed
in the following cases :    *East Saginaw Manfg. Co.* v. *City
of East Saginaw,* 19 Mich. 259 (2 Am. Rep. 82); *Welch*
v. *Cook,* 97 U. S. 541; *Tucker* v. *Ferguson,* 22 Wall.
527; *Grand Lodge F. & A. Masons of Louisiana* v.
*City of New Orleans,* 166 U. S. 143; *West Wisconsin
R. Co.* v. *Board of Supervisors,* 93 U. S. 595.    The
*East Saginaw Manfg. Co. Case* was affirmed by the
United States Supreme Court, in 13 Wall. 373.

The reasoning of these decisions is so clear and cogent
that it would be useless to attempt to improve upon it.    I
call special attention to the opinion of Mr. Justice COOLEY
in the *East Saginaw Manfg. Co. Case,* and to the lan-
guage of Mr. Justice Swayne in the *Ferguson Case,* on
pages 573 to 575.    There is no real difference in meaning
between the language of the act involved in the *East Sagi-
naw Manfg. Co. Case* and that in the present case, except
that the former was unlimited in time, while in this it is
limited.    But time does not determine the character of the
transaction, or change a gratuity into a contract.    There
was a time limit in *Welch* v. *Cook, Tucker* v. *Ferguson,*
and *West Wisconsin R. Co.* v. *Board of Supervisors.*
We have examined the cases cited in behalf of relator :
*State Bank of Ohio* v. *Knoop,* 16 How. 369; *Wilming-
ton Railroad* v. *Reid,* 13 Wall. 264; *Home of the
Friendless* v. *Rouse,* 8 Wall. 438; *Farrington* v. *Ten-
nessee,* 95 U. S. 679; *University* v. *People,* 99 U. S. 309.
They are not in conflict with the holding of the other
cases cited.    They were all rendered by the same court,
and illustrate the distinction between a gratuity and a
contract.    In *Com.* v. *Essex Co.,* 13 Gray, 239, the con-
sideration is clearly pointed out at page 253 of the opinion.
The company, under its act of incorporation, had con-
structed a dam with a fishway according to its charter,
and had paid all parties damnified in their several fisher-
ies large sums of money.    It was held that this was a con-
tract which could not be repealed.

2. The body of the act of 1897 contains a clause taxing union railroad station and depot companies, which are organized under another act. The title contains no reference to the latter. It is unnecessary to consider whether the act is void as to those companies. The title of the act is sufficient as applied to railroads, and the provision in regard to station and depot companies is entirely distinct from that in regard to railroads. In such cases the act is void only as to those matters not contained in the title. 23 Am. & Eng. Enc. Law, 232, 270; *Ames* v. *Port Huron, etc., Booming Co.*, 6 Mich. 266; *Board of Sup'rs of Sanilac Co.* v. *Auditor General*, 68 Mich. 659; *Schehr* v. *City of Detroit*, 45 Mich. 626. The point, however, is disposed of in the opinion in *Fort-Street Union Depot Co.* v. *Commissioner of Railroads, ante,* 340.

3. The respondent was in error in holding that relator was not entitled to its exemption until the repealing act took effect. The exemption was good, and the right to it was vested, until repealed. *People* v. *Board of State Auditors*, 9 Mich. 327; *Welch* v. *Cook, supra.*

The writ is granted, directing respondent to compute the amount in accordance with this opinion.

The other Justices concurred.