346 So.2d 936 (1977)
Myrtle DAVIS
v.
STATE of Alabama et al.
SC 2025.
Supreme Court of Alabama.
May 6, 1977.
Rehearing Denied June 24, 1977.
*937 Donald M. Phillips of Henley & Clarke, Northport, for appellant.
Lucian L. Smith, Jr., and John W. Hartley, Jr., Montgomery, for State of Ala. and Ray D. Bass, Director of the State Highway Dept.
John A. Russell, III, of Hubbard & Waldrop, Tuscaloosa, for City of Northport, Ala.
MADDOX, Justice.
This is an appeal by plaintiff, Mrs. Myrtle Davis, from a summary judgment granted in favor of defendants, the State of Alabama, Ray D. Bass, State Highway Department, and the City of Northport.
Mrs. Davis sought $25,000 damages for the impairment of her right of access, caused by a lowering of the street in front of her home. She had claimed that right of access is a property right which could not be taken without just compensation. The only question we decide is the appropriateness of summary judgment.
In 1974, the State began a highway project (No. F-95-11) to rework Bridge Avenue, later named Lurleen B. Wallace Boulevard, in Tuscaloosa and Northport to convert the avenue from two to four lanes. Bridge Avenue was to be tied in at 19th Street in Northport. Both cities passed resolutions acknowledging the need for the road improvement. In order to provide sufficient room to change Bridge Avenue from two to four lanes, an additional right of way was required. Also, some of the city streets in Northport which intersected Bridge Avenue were in a grade or incline which necessitated reworking these streets to lower grades to accommodate the new Lurleen B. Wallace Boulevard.
Mrs. Davis owned a house and lot on 17th Street. Although there was no construction on 17th Street, it was necessary to lower 17th Street to meet the grade of Bridge Avenue. Prior to the construction along Bridge Avenue, Mrs. Davis and her neighbor to the left shared a joint driveway over a culvert which bridged an open ditch on the north side of 17th Street.
State representatives and a state hired contractor secured written permission from Mrs. Davis and her neighbor to do work outside 17th Street's right of way for the purpose of tying their drive back into 17th Street, after the grade was lowered. At Mrs. Davis' request, the drive was paved by the State's contractor on June 19, 1975, and a curb and gutter were added. Subsequently, Mrs. Davis' neighbor, with whom she had previously shared the driveway, *938 placed a white stripe down the property line in the drive and erected an iron fence which prohibited Mrs. Davis' use of her neighbor's part of the drive. There is evidence submitted in opposition to the motions for summary judgment that Mrs. Davis can no longer use the driveway.
Mrs. Davis contacted the State and City officials. Engineers were dispatched and after studying the property, they concluded that Mrs. Davis did not possess a sufficient amount of property, and that any attempt to cut a new drive would not relieve her situation. The State and City made no further attempt to improve the drive and Mrs. Davis filed this complaint.
The State and City moved for summary judgment, accompanying their motions with an affidavit by Carl T. Guin in which he states that he was project engineer for the Alabama Highway Department on the project in question. Guin further states that no right of way for the project was acquired from Mrs. Davis and that at the request of Mrs. Davis, the Highway Department had its contractor grade and pave an existing joint driveway shared by her and her neighbor. In his affidavit, Guin stated that Mrs. Davis inspected the work done upon the driveway and gave her verbal approval, but that she later told him she was not satisfied with the driveway because her neighbor was parking in such a manner to prevent her from using the driveway.
In opposition to the motions for summary judgment, Mrs. Davis filed her affidavit on rehearing along with exhibit photographs reflecting the condition of her property before and after the driveway was paved. In her affidavit, she states that access to her property has been severely restricted since the grade was lowered in front of her house. She also claims that prior to the lowering of the grade on 17th Street, she could get to her property on her own lot without the joint use of the driveway.
She also stated that "before 17th Street was lowered in front of my house, the joint driveway between my house and the adjoining property owned by Jewel Beams was primarily on my property and there was two ruts on my side of the property line and one rut on the side of Jewel Beams. When the Highway Department lowered my driveway, they filled dirt on one rut of my driveway and built it up and then put the driveway primarily on the Beams' property."
After considering the pleadings and affidavit in support of, and in opposition to, the motion for summary judgment, the trial judge granted summary judgment for the State, Bass, and the City. We hold this was error.
The basic issue in this case is whether the defendants have taken the property of Mrs. Davis by depriving her of access to and from her land. Mrs. Davis claims they have and that this constitutes a wrongful taking without prior compensation which she says violates Article I, § 23 of the Alabama Constitution of 1901, which provides, in pertinent part:
"* * * [P]rivate property shall not be taken for, or applied to public use, unless just compensation be first made thereof . . . ."
Mrs. Davis further says that the defendants are liable under Art. 12, § 235 of the Alabama Constitution. Section 235 reads, as follows:
"Municipal and other corporations and individuals invested with the privilege of taking property for public use, shall make just compensation, to be ascertained as may be provided by law, for the property taken, injured, or destroyed by the construction or enlargement of its works, highways, or improvements, which compensation shall be paid before such taking, injury, or destruction."
The State counters that Section 235 applies only to municipal and other corporations and any other individuals invested with the privilege of taking property for public use, and not to the State. Although the State is correct in pointing out that Section 235 provides for consequential damages and that the section does not include the State among those to be held accountable, the argument is not persuasive. Mrs. Davis does not argue that her damages *939 resulted as a consequence of an actual taking of her real property; she contends that her right of access is a property right which cannot be taken or materially interfered with without just compensation. We agree.
In St. Clair County v. Bukacek, 272 Ala. 323, 131 So.2d 683 (1961), this Court cited with approval the case of Blount County v. McPherson, 268 Ala. 133, 105 So.2d 117 (1958), which stated:
"`The overwhelming weight of authority is that the owner of land abutting on a street or highway has a private right in such street or highway, distinct from that of the public, which cannot be taken or materially interfered with without just compensation. Access to the highway is one of these private rights and is a property right, and the interference with the right of access of an abutting owner is an element of damage. 29 C.J.S. Eminent Domain §§ 105, 122 and 167; 39 C.J.S. Highways § 141, p. 1081. We have held that "access to a public highway is an incident to the ownership of land abutting thereon," City of Bessemer v. Brantley, 258 Ala. 675, 65 So.2d 160; and interference with such access is an element of damages. Hooper v. Savannah & Memphis R. Co., 69 Ala. 529.'" 272 Ala. at 328, 131 So.2d at 687. See, Chichester v. Kroman, 221 Ala. 203, 128 So. 166 (1930); State v. Payton, 273 Ala. 49, 134 So.2d 198 (1961).
Mrs. Davis further claims that the State Highway Department had no legislative authority to lower the grade of 17th Street in that this street is a public city street and it does not connect a state highway and, therefore, the State depended upon the authorization by the City of Northport in undertaking this project. The duties and powers of the Alabama State Highway Department are set forth in Tit. 23, § 3, Code, which states, in relevant part:
"It shall be the duty of the department to designate the roads to be constructed, repaired and maintained and to construct, standardize, repair and maintain roads and bridges of this state; and it shall have authority to make contracts or agreements to construct, or pave the roadway only of the street or streets which will serve to connect the state highway constructed or repaired by the highway department, within any town, or municipality, in the state of Alabama;. . ."
Mrs. Davis contends that the phrase, "streets which will serve to connect the state highways" refers only to those city streets joining two state highways or cities. On the other hand, the City's position is that Title 23, § 3, Code of Alabama, is authority for the State to lower the grade on and prepare a proper junction of a city street which connects with a state highway. In St. Clair County v. Town of Riverside, 272 Ala. 294, 128 So.2d 333 (1961), this Court held that the "Highway Department has authority to construct and maintain city streets if they are roads of connection within the state Highway system." 272 Ala. at 296, 128 So.2d at 335. Suffice it to say that a material question of fact exists whether 17th Street is a "road or connection."
Mrs. Davis alleges that the City directed and authorized the State Highway Department to act on its behalf in altering and changing the grade of 17th Street. The facts and circumstances surrounding the City's participation in State Highway Project (No. F-95 11) were set forth in the affidavit of the Mayor of Northport, J. D. Quarles. The Quarles' affidavit states that the only action taken by the City in regard to the project was to pass a resolution consenting to the construction of this project and approving the state project and location thereof. It is apparent from the affidavit of Mrs. Davis that she disputes the City's claim that it only consented to the construction of the project by passing a resolution. More importantly, she contends that the City not only gave consent to the State Highway Department to alter the grade of a city street but also that the City directed and authorized the State Highway Department to act in its behalf in altering and changing the grade of 17th Street. Obviously, these are material facts which are disputed.
*940 We have viewed the evidence in a light most favorable to Mrs. Davis, as required by Rule 56, ARCP, and we find that the motion for summary judgment filed by the State of Alabama was properly granted as this action brought against the State is prohibited by Art. 1, § 14, Constitution of Alabama of 1901. See Unzicker et al. v. State of Alabama, Ala.Sup., 346 So.2d 931 (decided May 6, 1977). However, we find that there is a scintilla of evidence in support of Mrs. Davis' claims against both the State Highway Director, Ray Bass, and the City of Northport, and therefore, the judgment of the trial court, in granting summary judgment as to these two defendants, is reversed.
AFFIRMED, IN PART; REVERSED, IN PART; and REMANDED.
TORBERT, C. J., and BLOODWORTH, FAULKNER, ALMON, SHORES and EMBRY, JJ., concur.
JONES, J., dissents.
BEATTY, J., not sitting.
JONES, Justice (dissenting).
I disagree that the State cannot be sued on the grounds which I set out in my dissent in Unzicker et al. v. State of Alabama, Ala.Sup., 346 So.2d 931 (decided May 6, 1977).