L. CHARLES WRIGHT, Retired Appellate Judge.
Roy P. Beason and Martha Beason filed a complaint against the Alabama Department of Transportation and G.M. Roberts, alleging that the construction of a pedestrian overpass had effectively inversely condemned their property. The Department and Roberts filed a motion for a summary judgment, which was denied. Thereafter, the Department and Roberts answered, asserting the defense of sovereign immunity and immunity under Article I, § 23, Alabama Constitution of 1901. The Department and Roberts also filed a demand for a trial by jury.
A jury trial was held. At the close of the Beasons’ ease, the Department and Roberts moved for a directed verdict, which was denied. The jury returned a verdict in favor of the Beasons and against the Department in the amount of $30,000. The trial court entered a judgment on the jury’s verdict. Thereafter, the Beasons filed a motion to alter or amend the judgment, seeking an attorney fee and an appraisal fee. Following a hearing, the trial court entered an order, amending its judgment, awarding the Bea-sons an attorney fee of $9,000, an appraisal fee of $1,550, and court costs.
The Department appealed to the Alabama Supreme Court, which transferred the appeal to this court pursuant to § 12-2-7, Ala. Code 1975. Roberts did not appeal. On appeal the Department contends that the trial court erred in denying its motions for a summary judgment and for a directed verdict.
Ordinarily, after a trial court has denied motions for a directed verdict and for a judgment notwithstanding the verdict, the denial of a motion for a summary judgment is moot and not appealable. Superskate, Inc., v. Nolen, 641 So.2d 231 (Ala.1994). Our supreme court further stated in Swperskate:
“Upon a proper showing, it might be appropriate to resolve the summary judgment issue separately from the J.N.O.Y. issue.... We caution that it would be a rare case where this Court would reverse the denial of a summary judgment when the nonmovant has produced sufficient evidence at trial to survive a directed verdict motion.”
641 So.2d at 234.
We recognize that the court in Superskate used phrases such as “at least arguable” and “may have a legitimate argument” and that it did not specifically adopt the proposition that the denial of a summary judgment motion may be the basis of an appeal after a trial and a jury verdict against the movant. The court, in Superskate, further stated that it was not holding that the issue was necessarily moot, but that upon a proper showing it might be appropriate.
We find this to be the rare case contemplated by Superskate, because the issue on summary judgment did not involve an issue of disputed fact but one of law, i.e., *412 whether the Department could inversely condemn a nonexistent right of access.
Our supreme court has defined inverse condemnation “ ‘as the taking of private property for public use without formal condemnation proceedings and without just compensation being paid by a governmental agency or entity which has the right or power of condemnation.’” Foreman v. State, 676 So.2d 303, 305 (Ala.1995) (quoting Ex parte Carter, 395 So.2d 65, 67 (Ala.1980)). The court further stated the following: “ ‘[I]n inverse condemnation actions, a governmental authority need only occupy or injure the property in question.’ ” Foreman, 676 So.2d at 305 (quoting Jefferson County v. Southern Natural Gas Co., 621 So.2d 1282 (Ala.1993)).
The record reveals the following pertinent facts: In 1956 H.D. Beason and his wife, Lydia A. Beason, sold a strip of their property for public road right-of-way to the City of Gadsden. The deeded right-of-way was along Meighan Boulevard. In 1990 the Bea-sons purchased the property formerly owned by Mr. Beason’s family. The Beasons’ property fronts Meighan Boulevard (U.S. Highway 431), is bordered by Raley Street, and is accessed from Raley Street. In 1993 the Department built a pedestrian walkway over Meighan Boulevard. An access ramp for the pedestrian walkway was constructed in the deeded right-of-way on the Beasons’ property along the entire frontage of Meighan Boulevard.
At trial the Beasons contended that the construction of the ramp denied them access to Meighan Boulevard, was a “taking” of their access to Meighan Boulevard, and was compensable under Davis v. State, 346 So.2d 936 (Ala.1977). However, Mr. Beason admitted on cross-examination that his property did not have access to Meighan Boulevard and that, in order to construct a driveway with access to Meighan Boulevard, he would have to pay the Department an $800 fee to be granted access to Meighan Boulevard. He also testified that he did not apply for, nor did he have, access to Meighan Boulevard.
In Davis, the City of Northport directed and authorized the Department to alter and change the grade of 17th Street. Mrs. Davis’s property was accessed by a driveway off 17th Street. After the Department graded 17th Street, it paved the street and added curbing and gutters. The new curbing and gutters prevented Mrs. Davis from using her driveway. Mrs. Davis sued the City, the Department, and the Department’s director, Ray Bass, for interfering with her access right. The trial court granted the City, the Department, and the director’s motions for a summary judgment. Mrs. Davis appealed to the Alabama Supreme Court, which held that the “right of access” is a property right that cannot be taken or materially interfered with without just compensation. Our supreme court reversed the judgment of the trial court regarding the City and the director, but held that the Department was entitled to immunity under Article I, § 14, Alabama Constitution of 1901. However, Davis is factually distinguishable from this case; the Beasons did not have a right of access to Meighan Boulevard and could not have had a right of access to Meighan Boulevard because of the deeded right-of-way. Moreover, the construction of the pedestrian walkway was completely within the deeded right-of-way.
Based upon our review of the record, it is undisputed that the Beasons’ property did not have a right of access to Meighan Boulevard. We, therefore, conclude that the Department was entitled to a judgment as a matter of law and that the trial court erred in denying the Department’s motions for a summary judgment and for a directed verdict.
The judgment of the trial court is reversed, and a judgment is rendered in favor of the Department.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND JUDGMENT RENDERED.
YATES, MONROE, and THOMPSON, JJ., concur.
*413 CRAWLEY, J., concurs in the result.
ROBERTSON, P.J., dissents.